IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,                    ) | |
|                        Plaintiff,            ) | |
| v.                                            ) | Case No. 3:24-cv-831 |
| ANNA M. RIEZINGER-VON REITZ a/k/a             ) | |
| ANNA MARIA RIEZINGER a/k/a ANNA M.            ) | |
| BELCHER; and JAMES C. BELCHER,                ) | |
|                        Defendants.          ) | |

**MOTION FOR DEFAULT JUDGMENT AGAINST ANNA M. RIEZINGER-VON REITZ
AND JAMES C. BELCHER AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, United States of America, moves for entry of judgment by default under Fed. R. Civ. P. 55(b) against Defendants Anna M. Riezinger-Von Reitz ("Riezinger") and James C. Belcher ("Belcher") for their failure to plead or otherwise defend against the United States' complaint. The Clerk of the Court entered default as to Riezinger and Belcher under Fed. R. Civ. P. 55(a) on January 28, 2025. This suit seeks an order finding that there are valid and subsisting federal tax liens on certain real property located within this judicial district to which Riezinger holds title, and that those tax liens should be enforced against the property. Because Riezinger and Belcher have failed to file an answer or otherwise plead in this matter, and for the reasons set forth in this memorandum of law, the Court should enter an *in rem* default judgment against Riezinger and Belcher that orders that: 1) the real property at issue to be sold free and clear of Riezinger's interest held in the real property and any interest that Belcher might have in the property; 2) that the proceeds of the sale be applied to Riezinger's unpaid federal tax liabilities; and 3) that Belcher shall not be entitled to receive any proceeds from the sale of the real property at issue.

1

The United States requests that the Court enter judgment against Riezinger and Belcher, and also enter the accompanying Order of Sale of the real property at issue in this case.

### I.  Statement of Facts

The United States filed this suit pursuant to 26 U.S.C. §§ 7401 and 7403 and 28 U.S.C. § 3201(f)(1) to enforce federal tax liens and a judgment lien upon certain real property located within this judicial district, as requested by a delegate of the Secretary of the Treasury and brought at the direction of the delegate of the Attorney General of the United States. (Complaint, ECF No. 1 ("Compl.") ¶¶ 1-2, 4.) The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345. (Compl. ¶ 3.)

Defendant Anna Riezinger Von-Reitz, whose federal tax liabilities are the subject of this action, resides in Big Lake, Alaska. Riezinger is indebted to the United States as a result of her unpaid federal taxes and as set forth in the judgment entered against her on June 5, 2024, in *United States v. Anna M. Riezinger-Von Reitz a/k/a Anna Maria Riezinger a/k/a Anna M. Belcher*, Case No. 3:23-cv-260 (D. Alaska). Riezinger obtained a one-half interest in the real property at issue in this case by a quitclaim deed dated and recorded as document number 283315 on June 6, 1997 with the Jackson County, Wisconsin Register of Deeds. Riezinger obtained the remaining one-half interest in the real property at issue in this case by a quitclaim deed dated and recorded as document number 418318 on October 31, 2024 with the Jackson County, Wisconsin Register of Deeds. Riezinger is now the sole owner of record of the real property at issue in this case. (Compl. ¶ 5.)

Riezinger did not respond to the complaint and the Clerk of the Court entered default against her on January 28, 2025. (*See* docket, ECF No. 12.) Upon information and belief, Riezinger is not an infant nor incompetent, and is not on active military duty. (Declaration of

Daniel Applegate ("Applegate Decl.") ¶ 1, Ex. A.)

Defendant James C. Belcher was named as a party to this action in the event that he wished to claim an interest in the real property based on property rights that may have been obtained through his marriage to Riezinger. (Compl. ¶ 6.) Belcher did not respond to the complaint, did not assert an interest in the real property, and the Clerk of the Court entered default against him on January 28, 2025. (*See* docket, ECF No. 13.) Upon information and belief, Belcher is not an infant nor incompetent, and is not on active military duty. (Applegate Decl. ¶ 2, Ex. B.)

The United States seeks to foreclose its federal tax liens on real property identified as Vacant Land Parcel No. 002-0150.0025, city of Black River Falls, municipality of the Town of Adams, in the county of Jackson and state of Wisconsin, (the "Property"), within this judicial district, described as follows:

> Lot 4 of Jackson County Certified Survey Map No. 1615, as recorded in the Officer of Register of Deeds for Jackson County, Wisconsin in Volume Seven of Surveys, page 184, as Doc. No. 283086, and being a part of Government Lots 5 and 6, Section Eleven, Township Twenty-one North, Range Four West.

(Compl. ¶ 7.)

On the dates, for the tax years, and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against Riezinger for federal income taxes, interest, and penalties. The unpaid balance of the assessed amounts as of May 10, 2024, which includes additional interest, penalties, and fees, less any payments or credits, are also shown below:

| Tax Year | Date of Assessment | Amount of Tax and Penalties Assessed | Amount of Statutory Interest Assessed | Amount Owed as of May 10, 2024 |
|---|---|---|---|---|
| 2002 | December 2, 2013 | $64,195.40 | $78,930.59 | $158,240.61 |
| 2003 | December 16, 2013 | $91,394.59 | $104,692.71 | $219,700.22 |

3

| 2004 | December 16, 2013 | $39,688.41 | $41,737.79 | $91,315.42 |
| 2005 | December 16, 2013 | $107,679.51 | $100,269.63 | $233,204.55 |
| 2006 | December 16, 2013 | $71,911.82 | $57,546.77 | $145,181.32 |
| 2007 | December 16, 2013 | $63,670.40 | $44,429.48 | $121,340.75 |
| 2008 | December 16, 2013 | $58,441.80 | $35,429.22 | $105,271.64 |
| 2009 | December 16, 2013 | $86,374.28 | $47,644.11 | $150,294.90 |
| | | | **Total Owed as of May 10, 2024:** | **$1,224,549.41** |

These assessments were made in accordance with the law. (Compl. ¶¶ 9-10.)

A delegate of the Secretary of the Treasury gave notice to Riezinger of each assessment described above and made demand for payment on or about the date of each assessment. Despite notice and demand for payment, Riezinger neglected, failed, and refused to pay the outstanding income tax liabilities described above, and, therefore, remains indebted to the United States for the unpaid balance plus statutory additions and interest that have and will continue to accrue thereon. (Compl. ¶¶ 11-12.)

These federal income tax liabilities remain unpaid. The total owed on these assessments, including accrued statutory additions and interest, as of February 10, 2025 is $1,299,260.97. (Declaration of IRS Revenue Officer Advisor Kimberly Feuerstein at ¶¶ 7-8.)

As a result of the failure of Riezinger to satisfy those liabilities after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 as of the dates of the assessments and the tax liens attached to all property and rights to property then owned or thereafter acquired by Riezinger, including the Property. (Compl. ¶¶ 13, 16.)

On or about February 22, 2022, a Notice of Federal Tax Lien against Riezinger for the federal income tax liabilities for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009

4

was filed with the Jackson County, Wisconsin Register of Deeds.  This Notice of Federal Tax Lien was erroneously released because it was not timely refiled in January 2024.  On or about March 4, 2024, the IRS filed a Revocation of Certificate of Release of Federal Tax Lien with the Jackson County, Wisconsin Register of Deeds. On or about March 25, 2024, a Notice of Federal Tax Lien against Riezinger for the federal income tax liabilities for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009 was re-filed with the Jackson County, Wisconsin Register of Deeds. (Compl. ¶¶ 14-15.)

The United States is entitled to enforce the federal tax liens against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to Jackson County, Wisconsin, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that another party timely appears in this civil action and the Court determines that such party has a superior right, title, claim, lien, or interest. (Compl. ¶ 17.)

On November 13, 2023, the United States filed a Complaint, *United States v. Anna M. Riezinger-Von Reitz a/k/a Anna Maria Riezinger a/k/a Anna M. Belcher*, Case No. 3:23-cv-260 (D. Alaska), to reduce the assessments described above to a money judgment. (Compl. ¶ 19.)  On June 5, 2024, the Court entered judgment against Riezinger for the unpaid federal income tax liabilities in the amount of $1,224,549.41 plus statutory interest and additions accruing according to 26 U.S.C. § 6621 after May 10, 2024. (Compl. ¶ 20.)

On or about August 14, 2024, the United States filed an abstract of judgment pursuant to

28 U.S.C. § 3201 with the Jackson County, Wisconsin Register of Deeds with respect to the judgment described above. The abstract of judgment was recorded and assigned document number 417446. The judgment lien created by the filing of the abstract of judgment attached to the Property. (Compl. ¶¶ 21-22.) The United States is entitled to enforce the judgment lien against the Property pursuant to 26 U.S.C. § 3201(f)(1) and to have the entire Property sold in a judicial sale, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to Jackson County, Wisconsin, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that another party timely appears in this civil action and the Court determines that such party has a superior right, title, claim, lien, or interest. (Compl. ¶ 24.)

## II.  Default Judgment Standard

Fed. R. Civ. P. 55(b)(2) allows the Court in its discretion to enter a judgment against a defaulted defendant. Where a default has been entered under Fed. R. Civ. P. 55(a), the defaulted defendant is deemed to have admitted the well-pleaded allegations of the complaint. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("The basic effect of an entry of default (step one) is that '[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'") (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Additionally, in a lien foreclosure suit, a "defendant's failure to assert an interest where a foreclosure Complaint alleges that a defendant may have an interest in such foreclosure property justifies a judgment extinguishing that interest." *United States v. Jackson*, 2013 WL 6989404, at

*6 (E.D. Va. 2013) (citation omitted), *report and rec. adopted*, 2013 WL 6073515 (E.D. Va. 2013); *accord United States v. Estate of Worley*, 2022 WL 4951629, at *2 (D. Minn. 2022); *United States v. Rotuski*, 2020 WL 6689752, at *3 (D.N.J. 2020); *United States v. Formoso*, 2023 WL 4769493, at *3–4 (M.D. Fla. 2023), *report and rec. adopted*, 2023 WL 4763977 (M.D. Fla. 2023).

Finally, even "[o]nce the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *VLM Food*, 811 F.3d at 255 (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)).

### III. Argument

Under the foregoing authorities, the facts taken from the Complaint as recited above are each deemed admitted by Riezinger and Belcher (who can no longer assert any potential interest in the Property). And as explained below, the United States has established its entitlement to the relief sought.

**A. The United States is entitled to enforce its federal tax liens against the Property.**

If a taxpayer does not pay her federal tax liability after assessment, and notice and demand, a federal tax lien arises as of the date of assessment and attaches to all the taxpayer's property and rights to property. 26 U.S.C. §§ 6321, 6322; *United States v. Librizzi*, 108 F.3d 136, 137 (7th Cir. 1997) ("When Mr. Librizzi did not pay the amounts due, a federal tax lien arose pursuant to 26 U.S.C. § 6321, and attached to all property belonging to him."); *United States v. Wesselman*, 406 F. App'x 64, 65 (7th Cir. 2010) ("If a taxpayer does not pay an assessed tax liability after receiving notice of assessment and demand for payment, a lien for the unpaid taxes attaches on all property belonging to the taxpayer.") (citing §§ 6321, 6322); *Sgro v. United States*, 609 F.2d 1259, 1261 (7th Cir. 1979) ("Our analysis begins with the rule that a federal tax

lien arises 'at the time the assessment is made.'") (quoting § 6322); *see also United States v. Oertel*, 2020 WL 7061358, at *1 (W.D. Wis. 2020) ("[A] lien in favor of the United States arises when a taxpayer fails to pay an assessed tax after notice and demand.").

In the present case, the United States District Court for the District of Alaska, the district in which Riezinger resides, has already entered judgment finding Riezinger liable for federal income tax liabilities for the 2002-2009 tax years. *See United States v. Anna M. Riezinger-Von Reitz a/k/a Anna Maria Riezinger a/k/a Anna M. Belcher*, ECF No. 11, Case No. 3:23-cv-260 (D. Alaska).

As noted above, Riezinger's 2002 tax liability was assessed on December 2, 2013, and Riezinger's 2003-2009 tax liabilities were assessed on December 16, 2013.

Federal tax liens attach to all property and rights to property belonging to the taxpayer, including after-acquired property. 26 U.S.C. § 6321; *see also* cases cited above. Here, Riezinger owned a one-half interest in the Property beginning on June 6, 1997, and obtained the remaining one-half interest in the Property on October 31, 2024. Thus, the tax liens attached to the Property.

Federal tax liens continue until the liability is satisfied or becomes unenforceable by reason of lapse of time. *See United States v. Sanabria*, 424 F.2d 1121, 1122 (7th Cir. 1970) ("The lien imposed by 26 U.S.C. § 6321 continues until the liability is satisfied or becomes unenforceable by reason of lapse of time.") (citing § 6322); *Librizzi*, 108 F.3d at 137 ("A federal tax lien attaches at the time the tax assessment is made, and it continues until the liability has been satisfied or it becomes unenforceable due to the lapse of time.") In general, the government has ten years to collect an assessed tax liability. *See* 26 U.S.C. § 6502(a). However, by timely filing its complaint against Riezinger in the United States District Court for the District of Alaska

on November 13, 2023 (within the ten-year collection period) and reducing Riezinger's assessed 2002-2009 liabilities to a money judgment, the United States extended the § 6502(a) collection statute of limitations indefinitely. *See United States v. Wodtke*, 627 F. Supp. 1034, 1041 (N.D. Iowa 1985), *aff'd*, 871 F.2d 1092 (8th Cir. 1988) (Table) (applying principle under the then 6-year SOL) (citing *United States v. Overman*, 424 F.2d 1142 (9th Cir. 1970)). Further, the entry of the money judgment against Riezinger correspondingly extended the lives of the tax liens for her 2002-2009 liabilities indefinitely. *Wodtke,* 627 F. Supp. at 1041 (citing 26 U.S.C. § 6322); *see also United State v. Layman*, 149 Fed. Appx. 675, 676 (9th Cir. 2005) ("The district court properly rejected [the taxpayers'] contention that under the pertinent statute of limitations, the United States was precluded from foreclosing on the liens. Once an assessment has been reduced to a judgment, the tax liability cannot become unenforceable by reason of time.") (citing *Overman*, 424 F.2d at 1147). Moreover, the tax lien does not merge with any judgment lien. *Shades Ridge Holding Co., Inc. v. United States*, 888 F.2d 725, 731 (11th Cir. 1989) (internal citations omitted).

    Courts have the power to enforce federal tax liens against property to satisfy delinquent tax liabilities. 26 U.S.C. § 7403; *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 720 (1985); *accord United States v. Davenport*, 106 F.3d 1333, 1338 (7th Cir. 1997).

    Through the well-pleaded allegations set forth in the United States' complaint (including assessments, notice and demand, and failure to pay), which are deemed admitted against the Defendants, the United States has established that there are valid and subsisting federal tax liens on the Property. Therefore, the United States is entitled, pursuant to 26 U.S.C. § 7403(c), to an *in rem* judgment, even one obtained by default, enforcing its liens against the Property to collect Riezigner's delinquent tax liabilities. *See, e.g., United States v. Murphy*, 2016 WL 8198714 at *

3 (E.D. Wis. 2016) (granting default judgment on lien enforcement count against taxpayer who failed to appear); *United States v. Kusek*, 2019 WL 2551929 at * 1 (W.D. Wis. 2019) (granting default judgment on lien enforcement count against taxpayer and third parties who failed to appear). The Court should order that the tax liens are valid and enforceable against the Property.

### B. The United States is entitled to enforce its judgment lien against the Property.

Under the Federal Debt Collection Procedure Act (FDCPA), 28 U.S.C. § 3201, a judgment lien arises and attaches to the real property of a judgment debtor upon the filing of a certified copy of an abstract of judgment. *See* 28 U.S.C. § 3201(a). A judgment lien reaches all of a taxpayer's interest in real property at the time the lien arises as well as any interest in after-acquired property. *Glass City Bank v. United States,* 326 U.S. 265, 267 (1945). In addition, "a lien created under [§ 3201(a)] is for the amount necessary to satisfy the judgment, including costs and interest." 28 U.S.C. § 3201(a). The FDCPA further provides that "[o]n proper application to a court, the court may order the United States to sell, in accordance with sections 2001 and 2002, any real property subject to a judgment lien in effect under this section." 28 U.S.C. § 3201(f)(1).

Here, a judgment lien for Riezinger's unpaid federal income tax liabilities in the amount of $1,224,549.41 plus statutory interest and additions accruing according to 26 U.S.C. § 6621 after May 10, 2024, was created on or about August 14, 2024 when the United States filed the abstract of judgment against Riezinger. At that time, the judgment lien attached to Riezinger's then-held interest in the Property, and it subsequently attached to the remaining interest that she acquired in the Property. Therefore, the Court should order that the judgment lien is valid and enforceable against the Property.

### C. Any interest Belcher may have held in the Property is extinguished.

While federal tax liens attach to all property of a taxpayer upon the assessment of a tax pursuant to 26 U.S.C. § 6321 and no further action is necessary, Notices of Federal Tax Lien are filed to protect the priority of the Government *vis-a-vis* third parties by providing public "notice" of the interest of the Government. *See* 26 U.S.C. § 6323; *United States v. Cache Valley Bank*, 866 F.2d 1242, 1244 (10th Cir. 1989); *George W. Ultch Lumber Co. v. Hall Plastering, Inc.*, 477 F. Supp. 1060, 1071 (W.D. Mo. 1979); *Rodeck v. United States*, 697 F. Supp. 1508, 1511 (D. Minn. 1988). As described above, Notices of Federal Tax Lien were filed with the Jackson County, Wisconsin Register of Deeds to protect the interest of the Government *vis-a-vis* third parties.

Section 7403(b), 26 U.S.C., requires that the United States name as defendants all persons having liens upon or claiming any interest in the property involved in a lien enforcement action. The United States named Belcher as a defendant to this suit in the event that he wished to claim an interest in the Property based on property rights that may have been obtained through his marriage to Riezinger. (*See* Compl. ¶ 6.)  Section 7403 states that the Court "shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property." 26 U.S.C. § 7403(c). Here, this requires a determination as to the validity of any claims Belcher may have against the property. "A defendant's failure to assert an interest where a foreclosure Complaint alleges that a defendant may have an interest in such foreclosure property justifies a judgment extinguishing that interest." *United States v. Jackson*, 2013 WL 6989404, at *6 (E.D. Va. 2013) (citing *United States v. Rodgers*, 461 U.S. 677, 693 (1983); *United States v. Zimmerman*, 491 F. App'x 341, 346–47 (3d Cir. 2012)), *report and rec. adopted*, 2013 WL 6073515 (E.D. Va.

11

2013)); *accord United States v. Estate of Worley*, 2022 WL 4951629, at *2 (D. Minn. 2022); *United States v. Rotuski*, 2020 WL 6689752, at *3 (D.N.J. 2020); *United States v. Formoso*, 2023 WL 4769493, at *3–4 (M.D. Fla. 2023), *report and rec. adopted*, 2023 WL 4763977 (M.D. Fla. 2023).

Belcher has had ample time to appear and claim an interest in the Property but has not done so and he is in default. As a result of Belcher's failure to appear, answer, or otherwise respond to the Complaint, he failed to establish that he has any interest in the Property. *See Jackson*, 2013 WL 6989404, at *6; *United States v. Gerads*, 1993 WL 114411, at *3 (D. Minn. 1993), *aff'd*, 999 F.2d 1255 (8th Cir. 1993) ("because all defendants except for Dorothea and Gregory have had default judgments entered against them or have renounced any claim to the property at issue, the Court holds that the only defendants with remaining interests in the property are Dorothea and Gregory"); *United States v. Mandras*, 2021 WL 3508090, at *2 (M.D. Fla. 2021) ("because SunTrust has not asserted a claim to the underlying property by failing to file an answer or other pleading in this action, the United States is entitled to an entry of default judgment against SunTrust and an entry of declaratory judgment that SunTrust has no interests in the property and is not entitled to any proceeds upon its sale."). As a result, any interest Belcher might have held in the Property should be extinguished. *See, e.g.*, *United States v. Tobey*, 2017 WL 6883880, at *7 (D. Minn. 2017) (finding that the United States was entitled to entry of default judgment against two defendants who may have had an interest in the property subject to the suit, but who failed to file an answer or assert any interest in the property); *United States v. Norlem*, 2009 WL 2998528, at *1 (D. Minn. 2009) (entering default judgment against a third-party defendant on a tax lien enforcement claim after the third-party failed to respond to the

claim), *adopted*, 2009 WL 5943237 (D. Minn. 2009); *United States v. Gilmore*, 2011 WL 1519362 (E.D. Ark. 2011).

Thus, the Court should hold that any interest Belcher may have held in the Property is extinguished and the Property may be sold free and clear of any interest that Belcher may have held.

### D. The Court should enter an Order of Sale ordering that the Property be sold.

After the Court has resolved all claims to the Property, it may order a sale of the Property and distribute the proceeds according to the parties' respective interests. 26 U.S.C. § 7403(c); *Rodgers*, 461 U.S. at 697-98. The Court should enter an Order providing that the net proceeds of the sale shall be distributed to: 1) the IRS Property and Liquidation Specialists for the necessary and reasonable expenses of the sale, 2) any unpaid property taxes related to the Property, 3) the United States in satisfaction or partial satisfaction of the tax liabilities and tax liens identified above, 4) the United States in satisfaction or partial satisfaction of its judgment lien identified above, and 5) Anna M. Riezinger-Von Reitz.

The United States is submitting a proposed Order of Sale that the Court should enter after entering judgment against Riezinger and Belcher.

### III. Conclusion

For the reasons explained above, the Court should: 1) enter default judgment for the United States and against Anna M. Riezinger-Von Reitz and James C. Belcher; 2) enter an order enforcing the tax and judgment liens against the Property; 3) enter an order declaring and decreeing that James C. Belcher has no interest in the Property and is not entitled to a share of the proceeds from any sale of the Property; and 4) enter an Order of Sale providing for the sale of the Property and the distribution of the proceeds of the sale.

Dated: February 12, 2025	TIMOTHY M. O'SHEA
	United States Attorney

	DAVID A. HUBBERT
	Deputy Assistant Attorney General

	 s/ Daniel A. Applegate
	DANIEL A. APPLEGATE
	Trial Attorney, Tax Division
	U.S. Department of Justice
	P.O. Box 7238, Ben Franklin Station
	Washington, D.C.  20044
	Telephone: (202) 353-8180
	Fax: (202) 514-6770
	daniel.a.applegate@usdoj.gov